contract was procured by fraud. From the verdict it is evident that the jury were of that opinion, and with this conclusion this court without hesitation is in accord. The mere statement of the facts impels to this conclusion. The contract, procured by fraud in fact, is invalid, and therefore falls from the case.

Objections are made to the rulings of the court upon the introduction of testimony and to the instructions to the jury, but errors in this respect, if any, are not of sufficient importance to require a reversal. Other points urged by counsel for defendant do not persuade us.

Plaintiffs were entitled to recover the reasonable value of their labor. The evidence justifies the amount returned by the verdict. The judgment is right and is affirmed.

*Affirmed.*

---

**William F. Schuman, Plaintiff in Error, v. Chicago Railways Company, Defendant in Error.**

**Gen. No. 21,652.  (Not to be reported in full.)**

Error to the Circuit Court of Cook county; the Hon. JOHN A. DOWDALL, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 10, 1916.

### Statement of the Case.

Action by William F. Schuman, plaintiff, against Chicago Railways Company, defendant, on account of injuries sustained by him through the sudden starting of one of defendant's cars when he was alighting, whereby he was injured. From a judgment in favor of defendant, plaintiff brings error.

G. M. PETERS, for plaintiff in error.

CHARLES L. MAHONY and FRANK L. KRIETE, for defendant in error; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence sufficient to sustain finding that street railroad not guilty of negligence in suddenly starting car.* In an action by a street car passenger for damages for personal injuries alleged to be due to the starting of one of defendant's cars while plaintiff was attempting to alight therefrom, evidence *held* sufficient to sustain a finding that defendant was not guilty of negligence, there being abundant evidence that the car made only one stop for plaintiff to alight and remained standing until some time after the accident occurred.

2. APPEAL AND ERROR, § 1241*—*when party may not complain that instruction inapplicable to issues.* A party to an action cannot complain that an instruction on contributory negligence, given at the request of the adverse party, is inapplicable to the issues on the ground that there is no negligence in the case, where the court gave another instruction on such subject at his request.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.